## Case No. 3,514.

### In re CUSHMAN.

[1 MacA. Pat. Cas. 577.]

Circuit Court, District of Columbia. Aug. Term, 1858.

ANTEDATING OF PATENTS—ESTOPPEL—DISTURBING PRIOR COMMISSIONER'S RULINGS.

[1. An applicant who has requested and obtained the antedating of his patent to a certain date as the time of filing his specifications, in supposed accordance with the statute (Act 1836, § 8), is estopped to claim that the action of the commissioner in so antedating was unauthorized because the date taken was merely the date of refiling after withdrawal for amendment, the original filing having been much earlier.]

[2. The decision of the commissioner that in antedating a patent to the time of filing the specifications (Act 1836, § 8) the date to be taken is the date of filing the amended specifications on which the patent was finally issued, and not the date of filing the original specifications, cannot be disturbed by a subsequent commissioner, or by the court on appeal from the ruling of the latter.]

[Appeal by William M. C. Cushman from a decision of the commissioner of patents refusing to grant an application for a reissue of patent No. 3,889.]

Marcus P. Norton, for Cushman.

DUNLOP, Chief Judge. On the 16th of January, 1845, a patent issued to the appellant, William M. C. Cushman, for improvement in rails for railroads, for fourteen years from the 16th of July, 1844. The application and specification on which the patent issued appear to be dated on the 23d and 27th of October, 1844, but the indorsements on the papers in the patent office submitted to me, and the letters of the appellant, show that specifications, &c., for the same invention had been presented to the office as early as 1843, and several times between then and the 23d of October, 1844, and withdrawn to correct and make perfect the specifications, &c. The appellant, in writing, by his letter marked "A," requested the antedate, and it was so ordered by Commissioner Ellsworth for six months previous to the issue, to wit, the 16th of July, 1844, in conformity, as was supposed, with the last clause of the eighth section of the act of the 4th of July, 1836, although the earliest specification for the same invention had been filed in the office much longer than six months before the date of the issue. On the 12th of July, 1858, the appellant applied to the present commissioner (Holt) to surrender his patent and to have the antedate corrected and the reissue to confer on him the patent privilege for fourteen years from the 16th of January, 1845, so that his privilege should not expire till the 16th of January, 1859. He made this application, in substance, on two grounds: First. That the antedate was a clerical error in the office, being never asked for by Cushman or ordered by Commissioner Ellsworth. Second. If ordered by Commissioner Ellsworth, it was erroneous and void, he having no power to carry the antedate beyond the 23d of October, 1844, or to antedate at all, except in cases of interference. Commissioner Holt refused the application for want of power to reissue for a term beyond the term limited in the original patent, or to reverse the judgment of his predecessor, Commissioner Ellsworth, and from this refusal the appellant has made his present appeal to me.

This is not the case of a clerical error or mistake in the patent office in making out a patent. As a court can correct the errors

of its clerk in the discharge of his ministerial duties, the commissioner of patents may no doubt do the same as to his clerks. In this case there is no clerical error, but if error at all, it is the error of judgment of the former commissioner as to his power and authority under the patent laws. The act of antedating did not proceed from inadvertence or accident. The whole case seems to show it was the result of the deliberate judgment of Commissioner Ellsworth in construing the acts of congress, and was asked for and assented to and accepted by the appellant. It protected Cushman, or he thought it would, against strangers from the 16th of July, 1844. (See his letter "A.") Whether Commissioner Ellsworth properly construed the eighth and thirteenth sections of the act of July, 1836, and his powers under them, is not now before me. The appellant acquiesced in and submitted to, nay, asked for, the construction given by the commissioner; and although the application and specification now on file, on which the patent issued, appear to be presented to the office on the 23d and 27th of October, 1844, the indorsements of the office and the letters of the appellant show that specifications long before, and as early as 1843, for the same invention, had been before the commissioner, and withdrawn at the appellant's request for correction and to make them perfect and complete. If the appellant asked for the antedating of his patent, and accepted it so antedated, he cannot now complain "non fit injuria volenti." The act of 4th of July, 1836 (section 5) provides for patents for inventions or discoveries "for a term not exceeding fourteen years." The patentee is not obliged to claim the whole fourteen years. He may, I presume, waive his claim to part of the term in favor of the public by antedating it, or he may take a patent for a term less than fourteen years, or he may seek protection against strangers, as in this case the appellant seems to have done for the time intermediate between the antedate and the date of issue—six months previous to the issue—if in that time he has made application, and is seeking, in good faith and with reasonable diligence, to perfect his specifications, &c. See the case of Sparkman v. Higgins [Case No. 13,208], decided in the southern district of New York, January 27, 1847.

If the appellant knowingly acquiesced in the antedating, and took the deed so antedated, he is in like condition. If he was ignorant at the time of what the commissioner did, of which there is no proof—but the reverse is proved—and has slept upon his rights for thirteen years and more, it is too late now to seek redress. No tribunal ought to encourage or countenance such gross negligence. The public may have relied upon the recorded termination of his privilege, and have contracted with reference to its termination. If Commissioner Ellsworth antedated the patent against the will of the ap-

pellant, he ought not to have received the deed so antedated. He ought to have refused the antedated patent, and have appealed from the decision of the commissioner. While that decision is unappealed from and unreversed, neither the present commissioner nor myself, on appeal, in my judgment, can disturb or gainsay it unless special power to do so is conferred by law. It is argued that this power is conferred on the present commissioner in the thirteenth section of the act of 1836; but upon a careful perusal of that section, it will be found to apply to no such case as this. That section covers only cases where the patent granted is inoperative or invalid by reason of a defective or insufficient description or specification, or by reason of the patentee claiming in his specification more than he had, or shall have a right to claim as new, in which cases, if the error has arisen from "inadvertency, accident, or mistake," and without fraud, upon the surrender of the patent the commissioner may reissue, for the same invention, but only then, for the residue of the then unexpired term, with the patentee's corrected description and specification. It has no application to this case, and gives no power to the commissioner to alter the date of a previously-granted antedated patent. And in the cases to which the power does apply, of pure accident and mistake and inadvertence, without fraud, he can only exercise the power of reissue during the continuance of the term stipulated in the original patent. No power like that asked to be exerted by the present commissioner to change the date of a patent deliberately agreed on by the former commissioner and the appellant, can be found in the fifth and eighth sections of the act of the 3d of March, 1837 [5 Stat. 193], or in any of the provisions of the patent laws to which I have been referred or which I can find on a careful reading of them. Upon the whole, therefore, I think Commissioner Holt was correct in refusing, for want of power, to correct the error in the antedate of the patent, if there was any, which I by no means admit or decide, and that his judgment in the case must be affirmed.

I return all the papers, together with this my opinion and certificate affirming Commissioner Holt's judgment.